IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SAMUEL J. DOWDY, ) | |
| ) | |
| Plaintiff, ) | Case No. 06-6269-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning August 20, 2002, due to rib cage contusion and degenerative disc disease. Tr. 64. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not

1 - ORDER

disabled.

Plaintiff contends the ALJ erred in: (1) rejecting plaintiff's testimony; (2) rejecting the opinion of plaintiff's treating physician; (3) rejecting lay witness testimony; and (4) failing to prove that plaintiff retains the ability to perform other work.

A.  Plaintiff's Credibility

Plaintiff testified that he had difficulty standing, remembering, sleeping, walking and lifting due to pain. Tr. 234-35, 247, 260.

The ALJ rejected plaintiff's testimony to the extent it precluded work. In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test, a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that he produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a

2 - ORDER

claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff produced objective evidence of degenerative disc disease. Tr. 18. However, the ALJ did find that plaintiff is exaggerating his symptoms. Tr. 19.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if she makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

3 - ORDER

Smolen, 80 F.3d at 1284.

The ALJ noted that claimant had positive Waddell's signs and positive Marxer's signs indicative of inconsistency in effort. Tr. 19, 188, 193. Indeed, examination histories indicate plaintiff's reports are inconsistent. See Tr. 194.

The ALJ also noted that plaintiff's treating physician released him to heavy work after his accident that precipitated the alleged disability. 19-20. The ALJ provided clear and convincing reason for rejecting the extent of plaintiff's alleged symptoms.

B.  Treating Physician

On December 9 and December 16, 2004, Dr. Edward Reeves opined that plaintiff is totally disabled and had been for the prior two years. Tr. 201, 203. Specifically, Dr. Reeves opined that plaintiff could only lift five pounds and could not sit for more than 60 minutes at a time. Tr. 204. The ALJ rejected the opinion. Tr. 21.

Where an ALJ chooses to disregard the opinion of a treating physician, she must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are

4 - ORDER

based on substantial evidence in the record." <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state her interpretation thereof, and make findings. <u>Embrey v Bowen</u>, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ found Dr. Reeves' opinion inconsistent with the record which included plaintiff's continued work through October 2002. The ALJ also found the opinion to be too reliant on plaintiff's self-reporting which, as noted above, the ALJ found unreliable. Tr. 21. The ALJ appropriately discounted Dr. Reeves' opinion.

### C.   Lay Evidence

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. <u>See</u> <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993). Lay testimony regarding how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996). To discount the testimony of lay witnesses, the ALJ must give reasons that are germane to each witness. <u>Dodrill</u>, 12 F.3d at 919.

Plaintiff argues that ALJ failed to give appropriate credit to lay evidence. Two of plaintiff's friends wrote that plaintiff's memory has changed for the worse since the accident. Tr. 127-28.

5 - ORDER

The Commissioner does not address this argument.  However, the ALJ did consider the evidence, Tr. 17-18, and found the record did not support memory problems particularly since plaintiff sought no treatment for memory problems for over a year and examination found memory to be intact.  Tr. 20-21.  The ALJ did not err with respect to the lay evidence.

### D.   Other Work

Plaintiff's argument that the ALJ failed to produce evidence that plaintiff is capable of other work largely rests on plaintiff's argument that his capacity for work is limited as he and his treating doctor described.  However, as note above, the ALJ properly rejected such assertions.

However, plaintiff also argues that given plaintiff's age, education and capacities as the ALJ determined, the grids require a finding of disability.  The Commissioner does not address this argument.  A review of grids does appear to support plaintiff's claim of disability.  See 20 C.F.R. § 40.1563(d), 20 C.F.R. Pt. 404, Subt. P. App. 2, Rule 202.04 (Advanced age (55 or older) highschool education or more, does not provide direct entry to skilled work, unskilled previous work, and limited to light work = disabled).  In this case, plaintiff turned 55 before the date of the decision.  He has a high school education and it appears the ALJ found plaintiff to have no transferable skills and that his

6 - ORDER

previous work was unskilled (Tr. 266).  The ALJ also found plaintiff is limited to light work.  Given that plaintiff turned 55 after the hearing, but before the ALJ's decision, the issue is remanded to the ALJ to consider whether the grids require a finding of disabled.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this ___15th___ day of ___Nov___, 2007.

                                                  ___s/ Michael R. Hogan___
                                                  UNITED STATES DISTRICT JUDGE